```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANTHONY ATKINSON,

                Petitioner,
                                          MEMORANDUM AND ORDER
        -against-                         00-CV-3573(JS)

LEONARD PORTUONDO, Superintendent
of Shawagunk Correctional Facility,

                Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:     Anthony Atkinson, pro se
                    #96 A 4870
                    Green Haven Correctional Facility
                    P.O. Box 4000
                    Stormville, NY 12582

For Respondent:     Marcia R. Kucera, Esq.
                    Marion M. Tang, Esq.
                    Suffolk County District Attorney
                    Criminal Courts Building
                    200 Center Drive
                    Riverhead, NY 11901
```

SEYBERT, District Judge:

On June 13, 2003, the Honorable Jack B. Weinstein denied Anthony Atkinson's ("Petitioner") petition for a writ of habeas corpus. Judge Weinstein denied a certificate of appealability. Petitioner appealed, and on November 4, 2003, the Second Circuit Court of Appealed denied Petitioner's appeal.

Although Petitioner's case had been closed and his appeal dismissed, Petitioner repeatedly wrote to this Court and various other judges within the Eastern District of New York seeking to have his case "reinstated." On October 31, 2003, Judge Weinstein wrote to Petitioner informing him that this case was closed. On

February 25, 2004, this Court issued an Order denying Petitioner's requests and again reminding him that the case was closed. On August 27, 2004, Petitioner filed a motion to set aside the judgment, which Judge Weinstein denied on October 6, 2004. On June 24, 2005, Judge Weinstein again issued an Order stating that Petitioner's case was closed. Nonetheless, Petitioner continued to write to the Court and repeat the same frivolous arguments that had already been decided. Thereafter, Petitioner inexplicably again appealed the denial of his petition for a writ of habeas corpus to the Court of Appeals. On April 19, 2007, the Second Circuit denied Petitioner's appeal and reminded Petitioner that it had already reviewed Petitioner's case.

Petitioner again seeks to have this case reopened. Petitioner's motion is DENIED.

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to vacate a final order or determination for

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional

2

circumstances." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). "The standard for granting such a motion is strict" with the burden of proof on the party seeking reconsideration. Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995); see also Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004). Motions for reconsideration may not be granted where the party seeks solely to repackage or relitigate arguments and issues already considered by the Court. See Shrader, 70 F.3d at 257 ("Admittedly, a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). Reconsideration may only be granted "to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law[,] or prevent manifest injustice." Cornett v. Brown, No. 04-CV-0754, 2007 U.S. Dist. LEXIS 68668, at *9 (E.D.N.Y. Sept. 27, 2007).

When deciding a motion pursuant to Rule 60(b), "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." Stewart Park & Reserve Coal. Inc. v. Slater, 374 F. Supp. 2d 243, 253 (N.D.N.Y. 2005) (quoting Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)). "Rule 60(b) motions are left to the sound discretion of the district judge." Id. (citing Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991)).

Petitioner has not presented any reason that would

warrant reopening this case. Petitioner's arguments in support of his petition for a writ of habeas corpus have been heard numerous times by this Court and the Second Circuit, and there is absolutely no basis for this Court to disturb Judge Weinstein's June 13, 2003 Order.

Frankly, Petitioner's claims are not only meritless, but are also a waste of judicial resources. "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of . . . frivolous requests . . . does not promote that end." In re McDonald, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989). Several judges and clerks from this District have written to Petitioner to warn him that his case is closed. The Court again informs Petitioner that his case is closed, and repeating the same arguments in support for his writ of habeas corpus will not change this Court's numerous prior rulings. The Clerk of the Court is directed not to accept any further filings from Petitioner in this case without first obtaining permission from this Court.

CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert U.S.D.J.

Dated: Central Islip, New York
       September   10  , 2009